IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| -vs- | ) |
| | ) Criminal No. 04-318; 06-640 |
| NANCY BOWEN, | ) |
| | ) Civil No. 07-746 |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

### SYNOPSIS

In this criminal matter, Defendant pleaded guilty to violations of 18 U.S.C. § 2314 and 18 U.S.C. § 287. She was sentenced on November 21, 2006, inter alia, to a term of 51 months incarceration. Now before the Court is Defendant's Motion for habeas relief pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel and the Government's failure to disclose certain evidence. The Government has filed a Motion to Dismiss the Petition, on grounds that Defendant waived the right to collateral attack.

For the following reasons, the Government's Motion will be granted, and Defendant's denied.

### I. APPLICABLE STANDARDS

A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, No. 02-2604, 2004 U.S. App. LEXIS 5692, at *4 (3d Cir. Mar. 26, 2004). With respect to a claim for ineffective assistance of counsel,

a hearing is required unless it is indisputable that counsel's conduct satisfied applicable standards. United States v. McCoy, 410 F.3d 124, 134 (3d Cir. 2005). Under these standards, a hearing is unnecessary in this case, and I will dispose of the Motion on the record.

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 ( 1962).

Finally, a pro se pleading is held to less stringent standards than pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Thus, a pro se habeas petition should be construed liberally. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998 ). I will consider Defendant's Motion according to these standards.

## II.  DEFENDANT'S MOTION

Fairly read, Defendant's Motion claims that her counsel failed to properly deal with information relating to criminal charges against her in two state courts.  This led, she asserts, to her pleading guilty in state court and federal court.  She also claims that the Government illegally failed to disclose that the pending state charges were part of her federal case, causing a violation of double jeopardy. Had she all the information, she claims, she would have moved for dismissal of the state charges, and would not have pleaded guilty to those charges.   She does not, however,

contend that the information would have altered her decision to plead guilty in this Court.

In this case, Defendant entered into a Plea Agreement that read, in pertinent part, as follows:

> Nancy Bowen...waives his right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking her conviction or sentence, and the right to file any other collateral proceeding attacking her conviction or sentence.

Generally, waivers of the right to appeal and collateral attack are valid if entered into knowingly and voluntarily, and will divest the district court of jurisdiction over a collateral attack. United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001); United States v. Whitaker, No. 02-90-03, 2005 U.S. Dist. LEXIS 23884, at **5-6 (E.D. Pa. Oct. 18, 2005). Claims challenging the voluntariness of the waiver, or the effectiveness of counsel with respect to the waiver, however, may survive. Whitaker, 2005 U.S. Dist. LEXIS at **5-6. Similarly, courts will consider an ineffectiveness claim that relates directly to the negotiation of the waiver itself. United States v. Fagan, No. 04-2176, 2004 U.S. Dist. LEXIS 22456, at **9-11 (E.D. Pa. Oct. 4, 2004).

In this case, Defendant does not make any substantive claim that relates to the negotiation of the waiver at issue; nor does she aver that the waiver of collateral attack rights in particular was involuntary or unknowing. Indeed, she states that the allegedly undisclosed information would have influenced her decisions regarding the state, rather than federal, guilty pleas. Therefore, I cannot invalidate the waiver

on those grounds.

In addition to resting on grounds of unknowing and involuntary waiver, a court may invalidate a waiver if its enforcement works a "miscarriage of justice." Khattak, 273 F.3d at 558. In order to determine whether enforcing a waiver will result in a miscarriage of justice, a court may consider "the clarity of the error, its gravity, its character (e.g. whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." Id. at 563.

In this instance, it is clear that Defendant's waiver does not work a miscarriage of justice under Khattak. In the first instance, she does not point to, nor can I find, authority that would require the Government to advise her about the nature of pending state criminal charges. Moreover, although our Court of Appeals has frowned on this principle, it remains that "prosecution of the same crime in both the federal and state systems does not violate the Double Jeopardy Clause." United States v. Wilson, 413 F.3d 382, 389 (3d Cir. 2005).[1] Accordingly, Defendant has not raised a double jeopardy issue that I may address in this matter. A nonexistent or questionable error cannot be of sufficient gravity, character, or impact to count in favor of quashing a waiver. Finally, Defendant does not suggest that she failed to acquiesce in the waiver at issue. Instead, she suggests that she would have entered

---

[1] In addition, "just as the defendant who pleads guilty to a single count admits guilt to the specified offense, so too does a defendant who pleads guilty to two counts with facial allegations of distinct offenses concede that he has committed two separate crimes." United States v. Broce, 488 U.S. 563, 570, 109 S. Ct. 757, 763, 102 L. Ed. 2d 927 (1989).

4

into the federal Plea Agreement absent the alleged errors.

### III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

### CONCLUSION

In sum, I will deny Defendant's Motion, because she has waived her right to collateral attack. Moreover, a certificate of appealability will not issue. An appropriate Order follows.

### ORDER

AND NOW, this **17th** day of September, 2007, it is ORDERED, that Defendant's Motion to Vacate (Docket No. [43]) is DENIED. The Government's Motion to Dismiss (Docket No. [45]) is GRANTED. No certificate of appealability shall issue. This case is closed forthwith.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge